STATE OF MAINE
ANDROSCOGGIN, SS.

DISTRICT COURT
DISTRICT EIGHT
DIVISION OF SO. ANDROSCOGGIN
CIVIL ACTION
DOCKET NO. CV-07-924

RECEIVED & FILED ~TED- AND- 5/2 2010

JAMES T. MAHON,

MAY 28 2010

ANDROSCOGGIN
SUPERIOR COURT

Plaintiff

v.

ANNIE ABRAMS,

Defendant

**DECISION AND JUDGMENT**

## I. NATURE OF CASE

A trial was held before the court, without a jury,[1] on plaintiff's claims of breach of contract, unjust enrichment, and *quantum meruit* as to plaintiff's payment of certain legal fees for the defendant ($1,653.50) (Counts IV, V, and VI); breach of contract, unjust enrichment, and *quantum meruit* regarding funds provided to the defendant by plaintiff from a home equity line of credit (Counts VII, VIII, and IX); and unjust enrichment and *quantum meruit* as applicable to unpaid portions of charges on plaintiff's credit card (Counts XI and XII).

## II. BACKGROUND AND FINDINGS[2]

The plaintiff lived in New Jersey and the defendant in Pennsylvania when the events giving rise to this case began in 2000. The parties had a long-standing friendship that began around 1990. They have worked together, resided together, and helped each other with various personal issues. Mahon has provided financial assistance to Abrams

---

[1] This case originated in the District Court at Lewiston, but was transferred to this court for trial pursuant to the practice that trials of more than two hours will be held in the Superior Court.

[2] To the extent that the court recites the facts, they constitute findings of fact by a preponderance of evidence unless otherwise stated.

and she in turn cared for Mahon while he recuperated from injuries received in a motor vehicle accident. They did this as friends to help each other out. Abrams and her husband traveled to New Jersey several times to help Mahon prepare his home to be put on the market and sold.

In January 2006, Mahon moved to Maine to live with Abrams and her husband. Mahon loaned money to Abrams to assist her to purchase property next door to her home. Not long afterwards, the relationship deteriorated and Abrams evicted Mahon. This lawsuit followed.

The financial issues of this case go back to late 1999 or early 2000 when Mahon agreed to help Abrams and a business partner, Jennifer VanHeeswyk, finance a business venture called Body First Foods (BFF) that they had started shortly before. Although Abrams and Van Heeswyk incorporated the business in January of 2001, they essentially operated the company as a partnership.

Mahon agreed to let Abrams and VanHeeswyk have access to his home equity line of credit to provide them with liquidity to fund and operate their business. Unfortunately, as often happens among friends, there was no written agreement governing terms of access to the line of credit or for repayment.

If BFF was successful, any amount borrowed would be paid from the business. If it was not successful, Abrams planned to pay off any amount owed from an expected inheritance from her father who was in a nursing home.

The money from Mahon's line of credit was used to purchase equipment and to pay rent and other operating expenses of BFF. At first, Abrams would go to Mahon and she would tell him how much she owed to creditors and he would give her a check. Later, she accessed the account directly with a debit or credit card. Throughout all this, Mahon was not sure how Abrams was actually getting the funds and no one kept an

2

accurate account of how much Abrams withdrew. Mahon used the account at least once to purchase some CDs ($54), but there is no evidence he used it any other time. The court concludes that all other withdrawals from the account were by Abrams, purportedly for BFF.

The court has reviewed plaintiff's exhibit 1, which are some of the monthly statements from the time that the equity line was activated in April of 2000, to when it was closed in January of 2006, with a payment of proceeds from the sale of Mahon's New Jersey house.

During the time that the account was open, some payments were made by Abrams, interest accrued, and late fees and annual fees were charged.

The defendant agreed to be responsible for repayment with interest, but the details were never specified. In fact, it was not specified whether this amount would be repaid by Abrams and VanHeeswyk or by BFF. Further, the court is not persuaded that the plaintiff has proven the actual amount due and owing for the loan to the defendant from the equity line. This is primarily due to the lack of oversight on his part, but also due to the lack of any effective bookkeeping by Abrams.

The best evidence of the balance due is a "promissory note," pl. exh. 4, personally executed by Abrams and VanHeeswyk on May 9, 2001. The note is payable to Mahon in the amount of $35,000, "without interest." The note was to be paid at the rate of $500 per month. Abrams and VanHeeswyk were to each pay $250 per month.

The problem with this note is that Mahon was not a party and never agreed to the terms; however, the note is evidence of an admission of a personal debt by Abrams and VanHeeswyk in the amount of at least $35,000 as of May 9, 2001. The note further provided for a default if payments were not made within ten days of the due date. The first payment was due June 1, 2001. Payments were made by the defendant directly

3

into the line of credit account rather than directly to the plaintiff. The first evidence of a payment after the date of the note is $209.50 on May 11, 2000. Pl. exh. 1, statement dated 5/16/01. There is no evidence of another payment until September 10, 2001, in the amount of $745, pl. exh. 1, statement dated 09/19/01; thus, the defendant was immediately in default of her own personally generated promissory note.

Additionally, without the participation, knowledge, or consent of Mahon, Abrams and VanHeeswyk also executed an "Agreement" on May 9, 2001, for Abrams to buy out VanHeeswyk's interest in BFF. Pl. exh. 3. Essentially, VanHeeswyk would walk away from the company and Abrams would become the sole shareholder, owner, and manager of the company.

The Agreement contained a provision for repayment of the outstanding debt to Mahon. It states:

> From and after May 10, 2001, Buyer [Abrams] shall indemnify Seller [VanHeeswyk] and hold her harmless from and against any and all liabilities of or arising from Company, of any nature whatsoever, whether arising before or after said date, whether or not now known or anticipated, except for a $35,000 loan ("Loan") made by Sean Mahon to Buyer and Seller personally, repayment of which shall be made by Company once it has operated at a profit for three (3) consecutive months, as determined by Company's regularly-employed accountant. Until such time, Buyer and Seller shall each pay $250 per month toward repayment of the Loan.

*See* pl. exh. 3, ¶ 4.

By this paragraph, Abrams and VanHeeswyk admit that they owe at least $35,000 to Mahon and agree between themselves that they are equally liable and will repay the amount personally at $250 per month each if the company is not profitable. This prophecy became all too true.

The important factor is that Mahon was never a party to this agreement. Although his memory was sketchy and selective, his lack of consent to the private

4

agreement is clear. There were no specific details as to repayment, but he expected repayment in full from the company or Abrams. The defendant is responsible for payment of the full unpaid balance.

The treatment of the debt within the buy-out documents as a personal obligation also suggests that, at least as far as Abrams and VanHeeswyk were concerned, the debt remained a partnership debt, as opposed to a corporate debt, on which Abrams continues to be liable.

It can also be inferred that the intent of these documents was that, at the time the business took over the payments, VanHeeswyk would have no further obligation on the debt, and that it would be a corporate debt unless the company did not pay. Abrams testified that the business, which she solely owned after May 2001, in fact made payments on the equity line from May of 2001 to the date the business ceased operation. As a result of the agreement between Abrams and VanHeeswyk, VanHeeswyk would no longer have an obligation to pay the debt.[3]

While the business was operating as a partnership or a corporation, it maintained payments on the home equity line. Abrams testified that, at one point, the monthly bills were mailed to her business address rather than Mahon's address. The payments made by the business were ordinarily not much more than the minimum payment due. After the business closed, Abrams personally maintained payments on the equity line; again, these payments were not ordinarily much more than the minimum amount due, and often not in the stated amount of $500 per month.

On August 12, 2002, just after the business ceased operation, the equity line was over its limit and Mahon made a $13,000 payment to the equity line in order to bring

---

[3] Paragraph 8 of plaintiff's exhibit 23 also notes that the business was primarily responsible for the debt.

the balance well within the credit limits. In January 2006, the equity line was closed when Mahon sold the real estate that secured the equity line; the funds from the sale of the real estate were the source of funds of the payoff.

Furthermore, the course of dealings between Abrams and Mahon suggests an agreement that Abrams be responsible for the debt. Abrams continued to pay Mahon and the source of funds was not communicated to Mahon.

The language of the documents, the fact that Abrams continued to maintain the payments of the equity line after VanHeeswyk left and well after the business closed, and the fact that Abrams continued to borrow from the equity line after VanHeeswyk left the business, indicates that Abrams was not and is not merely obligated for only half the obligation of the equity loan. Whether Abrams is entitled to any indemnification from VanHeeswyk, is to be determined on another day. That decision is not required here.

Abrams's next claim, that she paid off her debt before November 2005, is not supported by the evidence. She continued to make payments on the equity line until November 2005, when the real estate securing the line was under contract for sale.[4] Abrams explained that Mahon was in bad financial straits and so she continued to pay on the equity line even after her obligation was paid off for, essentially, charitable reasons. It is undisputed, however, that during this same period of time, Abrams approached Mahon for and received other loans indicating that Mahon was not in need of her charity. In addition, the language in the memo sections of the checks that make up plaintiff's exhibit 7 and defendant's exhibit 5, indicate payments to the equity line as

---

[4] VanHeeswyk made some payments to Abrams for the equity line, but Abrams neither accurately reported these payments to Mahon nor did she pass these payments on to Mahon.

opposed to charity.[5] Furthermore, the payment history that is available indicates that Abrams was simply maintaining the balance of the equity line by paying interest, as opposed to retiring the balance.

There is no credible evidence to suggest that Mahon simply canceled or released Abrams from her obligations on the equity line on the sale of his New Jersey home.

Based upon the evidence presented, the court finds that the equity line was taken by Mahon for Abrams's benefit and Abrams was to pay that line with interest accrued thereon. The contract was made in 1999, and the court calculates the debt at $35,000 as of May 9, 2001. Additional withdrawals were made and Abrams made payments; however, from the manner of presentation of evidence and that bank records for each month were not provided as evidence, the court is unable to calculate with any degree of certainty, the precise amount that is owed. Except for a charge of $54 on August 15, 2000, pl. exh. 1, statement of 08/17/00, the court finds that the defendant has not shown that Mahon made any other charges for his own benefit.

What is known, is that the account was paid off on December 27, 2005, in the amount of $37,279.48. That sum represents the outstanding balance of the loan chargeable to Abrams plus the $13,000 payment by Mahon on August 12, 2002, pl. exh. 1, statement of 08/19/02, to rehabilitate the balance. All of this amount, less the $54 charge, is the responsibility of Ann Abrams ($50,225.48).

### III. ATTORNEY FEES

In March of 2003, Mahon retained counsel regarding his situation, but later decided against pursuing any action at that time. He received a partial refund of his retainer in the amount of $1,663.50. He claims that he then gave this check to Abrams

---

[5] In particular, the December 1, 2004 check indicates it is for "loans," and the January 1, 2005 check indicates it is for, *inter alia*, the "equity line loan."

so she could use it to look into legal action against VanHeeswyk. Abram denies receipt of the check. Other than the statement of services, pl. exh. 17, there is no credible evidence of this payment to Abrams. His claim for attorney fees fails.

## IV. USE OF CREDIT CARD/TELEVISION

In June of 2006, Abrams used Mahon's Bank of America credit card to purchase a television at Wal-Mart. She was not authorized to make this purchase and paid the balance due in December; however, in the interim, Mahon incurred monthly interest charges. The amount due, less a small purchase and charges by Mahon is $462.19. Pl. exh. 18.

## V. MAINE REAL ESTATE LOAN

After the parties moved to Maine, Mahon loaned $31,000 to Abrams for the purchase of real estate and a trailer on the property. Again, not having learned from past mistakes, the parties failed to formalize the deal in writing and proceeded with nothing more than a wink and a handshake.

The terms of repayment and interest on the loan are undefined. The defendant acknowledges the principal loan, but disputes that she agreed to pay interest; however, after a discussion to attempt to resolve the issue, Abrams agreed to 5% interest from February 9, 2006, through June 30, 2007 ($2,085.11). See calculation at pl. exh. 13.

During this time, Mahon had been living at Abrams' home. She had essentially been caring for him. The parties agreed that his share of living expenses would be deducted from the loan amount.

On July 2, 2007, Abrams gave a check to Mahon, in the amount of $8,704.64 which sum represented the loan, plus interest, minus Mahon's share of expenses. See pl. exh. 9 and def. exh. 1.

The check was noted "accepted in settlement of all claims" in the memo portion. Mahon accepted and negotiated the check.

### III. JUDGMENT

The clerk will make the following entry as the judgment of the court.

- Judgment for plaintiff James Mahon against defendant Annie Abrams in the amount of $50,687.67 plus prejudgment interest in the amount of 7.99% and post-judgment interest in the amount of 6.41%, plus costs as allowed by rule and statute.

SO ORDERED.

DATED: May 28, 2010

Thomas E. Delahanty II
Justice, Superior Court

9

JAMES T MAHON  - PLAINTIFF

Attorney for: JAMES T MAHON
SCOTT QUIGLEY  - RETAINED 08/30/2007
LASKOFF & ASSOCIATES
103 PARK ST
PO BOX 7206
LEWISTON ME 04243-7206


vs

ANNIE ABRAMS  - DEFENDANT
21 SYLVESTER ESTATES DR
GREENE ME 04236
Attorney for: ANNIE ABRAMS
ANTHONY FERGUSON  - RETAINED 10/19/2007
FALES & FALES PA
192 LISBON STREET
PO BOX 889
LEWISTON ME 04243-0889

Filing Document: COMPLAINT                Minor Case Type: CONTRACT
Filing Date: 08/30/2007

## Docket Events:

09/05/2007 FILING DOCUMENT - COMPLAINT FILED ON 08/30/2007

09/05/2007 Party(s):  JAMES T MAHON
           ATTORNEY - RETAINED ENTERED ON 08/30/2007
           Plaintiff's Attorney: SCOTT QUIGLEY

09/05/2007 Party(s):  JAMES T MAHON
           MOTION - APPROVAL ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 08/30/2007

09/06/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/06/2007

09/20/2007 Party(s):  ANNIE ABRAMS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/12/2007

09/20/2007 Party(s):  ANNIE ABRAMS
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/13/2007

10/17/2007 Party(s):  ANNIE ABRAMS
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED WITH AFFIDAVIT ON 10/02/2007

10/17/2007 Party(s):  ANNIE ABRAMS
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/16/2007
           RICK E LAWRENCE , JUDGE
           COPIES TO PARTIES/COUNSEL

10/17/2007 Party(s):  JAMES T MAHON
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 10/04/2007

10/17/2007 ORDER - COURT ORDER ENTERED ON 10/16/2007
           RICK E LAWRENCE , JUDGE

ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.   COPIES TO
PARTIES/COUNSEL                                                ORDER FOR ENLARGEMENT OF
TIME.

10/22/2007 Party(s):  ANNIE ABRAMS
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/19/2007

10/22/2007 Party(s):  ANNIE ABRAMS
          RESPONSIVE PLEADING - ANSWER FILED ON 10/19/2007
          TO THE AMENDED COMPLAINT.

10/22/2007 Party(s):  ANNIE ABRAMS
          MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 10/19/2007

10/22/2007 Party(s):  ANNIE ABRAMS
          RESPONSIVE PLEADING - RESPONSE FILED ON 10/19/2007
          TO MOTION FOR ATTACHMENT AND TRUSTEE PROCESS.

10/25/2007 Party(s):  ANNIE ABRAMS
          ATTORNEY - RETAINED ENTERED ON 10/19/2007
          Defendant's Attorney: ANTHONY FERGUSON

10/25/2007 HEARING - OTHER MOTION SCHEDULED FOR 12/03/2007 @ 8:30
          NON TESTIMONIAL

10/25/2007 HEARING - OTHER MOTION NOTICE SENT ON 10/25/2007
          NON TESTIMONIAL

11/01/2007 Party(s):  JAMES T MAHON
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/24/2007

11/01/2007 Party(s):  JAMES T MAHON
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/24/2007

11/01/2007 Party(s):  JAMES T MAHON
          RESPONSIVE PLEADING - RESPONSE FILED ON 10/26/2007
          PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTACHMENT AND TRUSTEE.

11/01/2007 Party(s):  JAMES T MAHON
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED WITH AFFIDAVIT ON 10/26/2007
          UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT.

11/08/2007 Party(s):  JAMES T MAHON
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/02/2007
          PAUL A COTE JR, JUDGE
          COPIES TO PARTIES/COUNSEL

11/08/2007 ORDER - COURT ORDER ENTERED ON 11/02/2007
          JOHN B BELIVEAU , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.   COPIES TO
          PARTIES/COUNSEL                                                ORDER EXTENDING TIME TO
          RESPOND TO SUMMARY JUDGMENT.

11/19/2007 Party(s):  JAMES T MAHON
          RESPONSIVE PLEADING - RESPONSE FILED ON 11/09/2007
          PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

11/19/2007 Party(s):  JAMES T MAHON
          RESPONSIVE PLEADING - RESPONSE FILED ON 11/09/2007
          PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF MATERIAL FACTS.

11/28/2007 Party(s):  ANNIE ABRAMS
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/02/2007

11/28/2007 Party(s):  JAMES T MAHON
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/19/2007

11/28/2007 Party(s):  ANNIE ABRAMS
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED WITH AFFIDAVIT ON 11/21/2007
          FOR RESPONSE TO SUMMARY JUDGMENT

11/29/2007 Party(s):  ANNIE ABRAMS
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/28/2007
          COPIES TO PARTIES/COUNSEL

11/29/2007 ORDER - COURT ORDER ENTERED ON 11/28/2007
          JOHN B BELIVEAU , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL                                      ORDER AMENDING DEADLINES
          REGARDING SUMMARY JUDGMENT.

12/04/2007 HEARING - OTHER MOTION NOT HELD ON 12/03/2007
          NON TESTIMONIAL

12/04/2007 ORDER - COURT ORDER ENTERED ON 12/03/2007
          JOHN B BELIVEAU , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL                                      ORDER REGARDING PENDING
          MOTIONS.

12/04/2007 HEARING - OTHER MOTION SCHEDULED FOR 12/19/2007 @ 8:30
          NON TESTIMONIAL

12/04/2007 HEARING - OTHER MOTION NOTICE SENT ON 12/04/2007
          NON TESTIMONIAL

01/23/2008 Party(s):  JAMES T MAHON
          RESPONSIVE PLEADING - RESPONSE FILED ON 12/04/2007
          PLAINTIFF'S AMENDED REPLY TO DEFENANT'S STATEMENT OF MATERIAL FACTS.

01/23/2008 Party(s):  ANNIE ABRAMS
          RESPONSIVE PLEADING - RESPONSE FILED ON 12/14/2007
          DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AND SUMMARY
          JUDGMENT.

01/23/2008 HEARING - OTHER MOTION HELD ON 12/19/2007

NON TESTIMONIAL

01/23/2008 Party(s): ANNIE ABRAMS
MOTION - MOTION SUMMARY JUDGMENT DENIED ON 10/19/2007
JOHN B BELIVEAU , JUDGE
COPIES TO PARTIES/COUNSEL


01/23/2008 Party(s): JAMES T MAHON
OTHER FILING - OTHER DOCUMENT FILED ON 12/19/2007
ORIGINAL TRANSCRIPT OF DEPOSITION OF DEFENDANT.


01/23/2008 Party(s): JAMES T MAHON
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/26/2007


01/23/2008 ORDER - COURT ORDER ENTERED ON 01/22/2008
JOHN B BELIVEAU , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL                                                    ORDER ON SUMMARY
JUDGMENT, DENIED.


01/23/2008 Party(s): JAMES T MAHON
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/22/2008


02/01/2008 Party(s): JAMES T MAHON
MOTION - APPROVAL ATTACH/TRUSTEE PROC DENIED ON 01/09/2008
JOHN B BELIVEAU , JUDGE
COPIES TO PARTIES/COUNSEL


02/01/2008 ORDER - COURT ORDER ENTERED ON 01/09/2008
JOHN B BELIVEAU , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL                                               ORDER DENYING ATTACHMENT
AND TRUSTEE PROCESS.


02/26/2008 Party(s): JAMES T MAHON
MOTION - OTHER MOTION FILED WITH AFFIDAVIT ON 02/21/2008
MOTION TO AMEND COMPLAINT.


02/26/2008 Party(s): JAMES T MAHON
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 02/21/2008


02/26/2008 Party(s): JAMES T MAHON
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/22/2008


03/20/2008 Party(s): JAMES T MAHON
MOTION - OTHER MOTION GRANTED ON 03/19/2008
JOHN B BELIVEAU , JUDGE
MOTION TO AMEND COMPLAINT.


03/20/2008 ORDER - COURT ORDER ENTERED ON 03/19/2008
JOHN B BELIVEAU , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL                                               ORDER GRANTING AMENDED

COMPLAINT.

03/27/2008 Party(s):  JAMES T MAHON
            SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 03/24/2008

04/07/2008 Party(s):  ANNIE ABRAMS
            DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/04/2008

04/10/2008 Party(s):  ANNIE ABRAMS
            RESPONSIVE PLEADING - ANSWER FILED ON 04/04/2008
            TO SECOND AMENDED COMPLAINT.

04/17/2008 Party(s):  JAMES T MAHON
            DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/08/2008

07/08/2008 Party(s):  JAMES T MAHON
            DISCOVERY FILING - RULE 26(G) LETTER FILED ON 06/13/2008

07/08/2008 Party(s):  ANNIE ABRAMS
            DISCOVERY FILING - ANSWERS TO INTERROGATORIES FILED ON 07/03/2008

07/14/2008 Party(s):  JAMES T MAHON
            LETTER - FROM PARTY FILED ON 07/10/2008
            WITHDRAWING RQUEST FOR DISCOVERY CONFERENCE.

07/31/2008 Party(s):  JAMES T MAHON
            OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 07/30/2008

08/06/2008 Party(s):  ANNIE ABRAMS
            OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 08/04/2008

09/10/2008 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 10/06/2008 @ 8:30
            NOTICE TO PARTIES/COUNSEL

09/10/2008 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 09/10/2008

10/06/2008 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 10/06/2008
            JOHN  MCELWEE , JUDGE

10/06/2008 ORDER - PRETRIAL/STATUS ENTERED ON 10/06/2008
            JOHN  MCELWEE , JUDGE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL

10/06/2008 ORDER - ORDER OF ASSIGNMENT ENTERED ON 10/06/2008
            JOHN  MCELWEE , JUDGE

10/06/2008 ORDER - ORDER OF ASSIGNMENT SENT ON 10/06/2008
            AUBURN SUPERIOR COURT.

10/17/2008 Party(s):  ANNIE ABRAMS
            MOTION - OTHER MOTION FILED WITH AFFIDAVIT ON 10/10/2008
            MOTION TO AMEND PRE TRIAL ORDER.

10/28/2008 Party(s):  JAMES T MAHON
          LETTER - FROM PARTY FILED ON 10/17/2008


10/28/2008 ORDER - COURT ORDER ENTERED ON 10/27/2008
          JOHN  MCELWEE , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL                                        ORDER ASSIGNING CASE BACK
          TO SUPERIOR COURT.


10/31/2008 Party(s):  JAMES T MAHON
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 10/30/2008


10/31/2008 Party(s):  ANNIE ABRAMS
          MOTION - MOTION TO AMEND PLEADING FILED ON 10/30/2008
          AMEND PRE-TRIAL ORDER WITH PROPOSED ORDER


12/18/2008 HEARING - 26(G) CONFERENCE HELD ON 12/17/2008
          JOYCE A WHEELER , JUDGE
          Defendant's Attorney: ANTHONY FERGUSON
          Plaintiff's Attorney:  SCOTT QUIGLEY
          DEFENDANT HAS UNTIL 1-6-09 TO EXHAUST HER ABILITY TO OBTAIN THE EMPLOYER IDENTIFICATION
          NUMBER FOR BODY FIRST FOODS AND SHALL USE ALL REASONABLE MEANS INCLUDING CONTACTING IRS,
          PRESENT AND FORMER BANKS AND ACCOUNTANTS.  DEFENDANT SHALL BY 1-6-09 PROVIDE NUMBER OR
          EXPLANATION OF STEPS TAKEN TO OBTAIN NUMBER.  COPY TO COUNSEL ON 12-18-08


12/31/2008 TRIAL - BENCH SCHEDULED FOR 02/10/2009


02/17/2009 Party(s):  JAMES T MAHON
          OTHER FILING - PRETRIAL MEMORANDA FILED ON 02/17/2009
          PLT


02/18/2009 Party(s):  JAMES T MAHON
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 02/18/2009
          PLAINTIFF


02/18/2009 Party(s):  ANNIE ABRAMS
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 02/18/2009
          DEFENDANTS


02/19/2009 ORDER - 26(G) ORDER ENTERED ON 02/19/2009
          THOMAS E DELAHANTY II, JUSTICE
          THE COURT DECLINES TO HOLD A DISCOVERY CONFERENCE.  1) ON CASES REMOVED FROM THE DISTRICT
          COURT FOR TRIAL BECAUSE THEY EXCEED THE "2 HOUR RULE", ALL PRETRIAL MOTIONS AND MATTERS
          MUST BE COMPLETED BEFORE THE CASE IS TRANSFERRED AND SCHEDULED FOR TRIAL 2) THE SCHEDULING
          ORDER OF JUSTICE BELIVEAU DATED APRIL 10, 2008 SET JULY 18, 2008 AS THE SCHEDULING
          DEADLINE.  NO EXTENSIONS APPEAR OF RECORD.  DISCOVERY IS CLOSED.  3) THE PRETRIAL ORDER OF
          MCELWEE DATED OCTOBER 6, 2008 STATES THAT "DISCOVERY IS  COMPLETE."  4)  AN ORDER BY
          JUSTICE WHEELER DATED DECEMBER 17, 2008 ALLOWED DEFENDANT ADDITIONAL TIME, TO JANUARY 6,
          2009 TO OBTAIN INFORMATION.  THAT TIME HAS PASSED.  COPIES TO COUNSEL ON 2-19-09


03/06/2009 TRIAL - BENCH HELD ON 02/24/2009
          THOMAS E DELAHANTY II, JUSTICE

Defendant's Attorney: ANTHONY FERGUSON
Plaintiff's Attorney:  SCOTT QUIGLEY          Reporter: PENNY PHILBRICK-CARVER
OPENING STATEMENTS AND TESTIMONY HEARD, CASE CONTINUED TO 3/4/09.


03/06/2009 TRIAL - BENCH HELD ON 03/04/2009
           THOMAS E DELAHANTY II, JUSTICE
           Defendant's Attorney: ANTHONY FERGUSON
           Plaintiff's Attorney:  SCOTT QUIGLEY
           CLOSING STATEMENTS TESTIMONY CONTIUED, TAPE NO. 315, INDEX NO. 1496-4023. BRIEFS TO BE
           FILED ON OR BEFORE 3/23/2009, PER JUSTICE DELAHANTY


03/25/2009 Party(s):  ANNIE ABRAMS
           OTHER FILING - PROPOSED FINDINGS OF FACT FILED ON 03/23/2009
           DEF'S


06/01/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/28/2010
           THOMAS E DELAHANTY II, JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL                                              JUDGMENT FOR THE
           PLAINTIFF JAMES MAHON AGAINST DEFENDANT ANNIE ABRAMS IN THE AMOUNT OF #50,687.67 PLUS
           PREJUDGMENT INTEREST IN THE AMOUNT OF 7.99% AND POST-JUDGMENT INTEREST IN THE AMOUNT OF
           6.41%, PLUS COSTS AS ALLOWED BY RULE AND STATUTE.

           ORDER - COURT JUDGMENT ENTERED ON 05/28/2010
           THOMAS E DELAHANTY II, JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL                                              JUDGMENT FOR THE
           PLAINTIFF JAMES MAHON AGAINST DEFENDANT ANNIE ABRAMS IN THE AMOUNT OF $50,687.67 PLUS
           PREJUDGMENT INTEREST IN THE AMOUNT OF 7.99% AND POST-JUDGMENT INTEREST IN THE AMOUNT OF
           6.41%, PLUS COSTS AS ALLOWED BY RULE AND STATUTE.
           Judgment entered for JAMES T MAHON and against ANNIE ABRAMS in the amount of $50687.67.


06/01/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 06/01/2010

06/01/2010 Party(s):  ANNIE ABRAMS
           MOTION - MOTION TO AMEND PLEADING MOOT ON 05/28/2010

06/01/2010 Party(s):  ANNIE ABRAMS
           MOTION - OTHER MOTION MOOT ON 05/28/2010
           MOTION TO AMEND PRE TRIAL ORDER.


A TRUE COPY
ATTEST: _____
                     Clerk